UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **MICHAEL JUSTYN BERRY,**<br><br>Plaintiff,<br><br>vs.<br><br>**AFNI, INC.,**<br><br>Defendant. | 2:23-CV-11732-TGB-EAS<br><br>**ORDER DENYING MOTION TO REMAND (ECF NO. 4) AND GRANTING MOTION FOR MORE DEFINITE STATEMENT (ECF NO. 2)** |

Michael Justyn Berry, an individual without a lawyer, filed a complaint against Afni, Inc. in the Small Claims Division of 14A District Court of Washtenaw County, alleging that Afni violated the Fair Credit Reporting Act and the Fair Debt Collection Practices Act by reporting a collection account to the three major credit bureaus without any evidence that the account was actually his. Afni removed the case to this Court.

Now before the Court are Berry's motion to remand his case back to state court (ECF No. 4) and Afni's motion for a more definite statement (ECF No. 2). For the reasons below, the motion to remand will be denied, and the motion for a more definite statement will be granted.

**I.     PLAINTIFF'S MOTION TO REMAND (ECF No. 4)**

Berry challenges the propriety of Afni's decision to remove his case to federal court. He argues that the removal was improper because it was motivated by a desire to coerce him into abandoning his claims since, he says, he will be forced to retain a lawyer and incur expenses to prosecute

1

his claims in federal court that he would not have faced in small claims court. ECF No. 4, PageID.28. He notes that the state court is equally equipped to hear his claims and asserts that state courts hear claims like his all the time. *Id.* at PageID.30.

Because the propriety of the removal is jurisdictional and affects the Court's authority to hear the case, the Court will resolve Berry's motion first, even though it was filed after Afni's motion for a more definite statement. This Court is a court of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). It is presumed that a case lies outside of this limited jurisdiction, so the burden of establishing that the removal was proper lies with Afni, the party asserting that the Court has the authority to hear this case. *Id.*

Afni responds that the basis of the removal was federal-question jurisdiction. ECF No. 5. This is correct. The Court has jurisdiction over an action "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A defendant may remove a case from state court if it has claims that are based in federal law. *See* 28 U.S.C. § 1441. Claims under the federal Fair Credit Reporting Act and the Fair Debt Collection Practices Act are considered such claims. This is so notwithstanding that Berry seeks only $6,000 dollars in relief. Berry's concerns regarding the possible motivations behind Afni's decision to remove the case from small claims court may be justified, but these concerns do not defeat Afni's assertion of jurisdiction in this case. Afni

has a legal right to remove this case to federal court regardless of its reasons for doing so.

Afni's notice of removal also appears procedurally proper. *See* 28 U.S.C. § 1446. While it did not include with its notice of removal a proof of service of the summons and complaint, the parties agree that it was filed within the 30-day period for removal provided by statute, and a review of the state court docket confirms that Afni's removal notice occurred within the permissible period after service of process.

Accordingly, Berry's motion to remand the case, together with his requests for fees and costs, must be **DENIED**.

## II. DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT (ECF No. 2)

In lieu of a response to Berry's complaint, Afni filed a motion for a more definite statement under Federal Rule of Civil Procedure 12(e).

Motions for a more definite statement may be filed when "a pleading … is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). They are designed to address unintelligibility rather than a lack of detail and are generally disfavored. *See Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir. 1959) ("In view of the great liberality of F. R. Civ. P. 8 … it is clearly the policy of the Rules that Rule 12(e) should not be used to frustrate this policy by lightly requiring a plaintiff to amend his complaint which under Rule 8 is sufficient to withstand a motion to dismiss. … [A] motion for more

3

definite statement is not to be used to assist in getting the facts in preparation for trial as such. Other rules … exist for this purpose.").

The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To the contrary, all the Rules require is a "short and plain statement of the claim" that gives the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Id.* (internal quotations omitted); *see also* Fed. R. Civ. P. 8(a). And the filings of unrepresented litigants are to be interpreted generously. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Berry's filing in state court was short. On a pre-printed Affidavit and Claim form, he wrote that the reason for the claims was:

> $1000 statutory damages for 3 violations of Fair Credit Reporting Act (FCRA U.S.C. §§ 1681 et seq.) and 3 violations of the Fair Debt Collection Practices Act (FDCPA 15 U.S.C. §§ 1692 et seq.) for willfully and negligently reporting a collection account to my Equifax, Experian, and TransUnion credit reports with zero proof that the account was mine.

ECF No. 1-1, PageID.7. He also wrote that the date on which his claim arose was "April 5, 2023," and that his claims concern "$6000." *Id.*

Afni argues that, from these allegations, it "virtually impossible" to understand Berry's claims well enough to craft a responsive pleading. ECF No. 2, PageID.21. Although it acknowledges that Berry is proceeding without the help of a lawyer and likely "did not expect himself to be hauled into federal court on this matter," it asserts that it cannot

4

reasonably be expected to effectively defend against the claims it faces without knowing which specific statutory provisions it is accused of violating, the name of the creditor of the alleged debt at issue, or the timeframe of the allegedly inaccurate reporting. ECF No. 2, PageID.22. Berry has not responded to this motion.

The complaint provides the timeframe of the allegedly inaccurate reporting; presumably Afni would be able to access information about Berry and his accounts by using this date and his name in its internal databases and thus discern what specific claims he is attempting to raise. But courts have noted that motions for more definite statements may be appropriate when a plaintiff can tighten a complaint and clarify which of several possible claims is actually being asserted. *See, e.g.*, *Fikes v. City of Daphne*, 79 F.3d 1079, 1082-83 (11th Cir.1996).

The Fair Debt Collection Practices Act was enacted to curb abusive debt collection practices. 15 U.S.C. § 1692. It "prohibits a wide array of specific conduct, but it also prohibits, in general terms, any harassing, unfair, or deceptive debt collection practice." *Currier v. First Resolution Inv. Corp.*, 762 F.3d 529, 533 (6th Cir. 2014). Among other things, it expressly bars debt collectors from "engag[ing] in any conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of a debt," *id.* § 1692d, using "any false, deceptive, or misleading representations or means in connection with the

collection of any debt," *id.* § 1692e, and using "unfair or unconscionable means to collect or attempt to collect on any debt," *id.* § 1692f.

The Fair Credit Reporting Act, meanwhile, was enacted to regulate credit reports, provide guidelines for credit reporting agencies and entities that furnish consumer information to credit reporting agencies, and provide protection to consumers. 15 U.S.C. § 1681(a). It imposes two duties on entities that furnish information to credit reporting agencies: 1) to provide accurate information, *id.* § 1681s-2(a); and (2) to investigate upon receiving notice of a dispute from a credit reporting agency, 15 U.S.C. § 1681-2(b); *Downs v. Clayton Homes Inc.*, 88 F. App'x 851, 853-54 (6th Cir. 2004). Only breaches of the second duty are actionable by individual consumers. *Id.*

From his allegations, Berry appears to be alleging that—by reporting the collection account to the credit bureaus—Afni violated either § 1692f of the Fair Debt Collection Practices Act, which prohibits any "unconscionable" tactic to collect on an alleged debt, or § 1692g, which requires a debt collector to cease all collection activity until the debt collector can validate an alleged debt upon a consumer's timely request. And it may be possible to infer that, insofar as he is asserting a claim under the Fair Credit Reporting Act, he is attempting to allege that Afni used his credit report for impermissible purposes, failed to report a disputed account, or failed to investigate after being notified that a credit report line item was under dispute.

6

Given that it is possible to infer multiple possible bases for Berry's claims, and that Berry likely will be easily able to clarify the nature of his claims by providing additional details of his claims, the Court concludes that a more definite statement would assist the Court in dealing more efficiently with this case and would also enable Afni to file a responsive pleading. The Court also recommends that Mr. Berry consult an attorney about this case.

Accordingly, Afni's motion for a more definite statement is **GRANTED**.

### III.  CONCLUSION

For the reasons explained above, **IT IS ORDERED** that Berry's motion to remand the case to state court (ECF No. 4). is **DENIED.**

**IT IS FURTHER ORDERED** that Afni's motion for a more definite statement (ECF No. 2) is **GRANTED.** Within **THIRTY DAYS** of the date of entry of this order, Berry must file an amended complaint that includes: (1) a clear explanation of the events which he believes entitle him to relief and the approximate dates and times when they occurred; (2) facts, including the dates and times, about any contacts that he had either with Afni or with any of the credit reporting agencies about the alleged debts and claims; and (3) which sections of the Fair Debt Collection Practices Act and the Fair Credit Reporting Act he believes Afni has violated. If he needs help, there is a pro se clinic at the

courthouse which provides information to self-represented parties. Information about this clinic is available at

http://www.mied.uscourts.gov/PDFFiles/Pro_Se_Clinic_2019.pdf.

**IT IS SO ORDERED**, this 26th day of October, 2023.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge